NOT FOR PUBLICATION (Docket No. 27, 28)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
RONALD JEFFERSON,                   :
                                    :
            Plaintiff,              :
                                    :   Civil No. 07-5060 (RBK/AMD)
                                    :
      v.                            :   **OPINION**
                                    :
GEORGE HAYMAN, et al,               :
                                    :
            Defendants.             :
_____:

**KUGLER**, United States District Judge:

Presently before the Court are two motions: a motion filed by Defendants George Hayman and George Robinson (collectively, "Defendants") to dismiss the Complaint in this case filed by Plaintiff Ronald Jefferson ("Plaintiff"), or in the alternative for summary judgment, and a motion by Defendants to file Plaintiff's medical records under seal. For the reasons expressed herein, the Court will grant Defendants motion to dismiss and deny Defendants' motion to seal.

**I.      BACKGROUND**

Following an Order granting Plaintiff's request to proceed in forma pauperis, Plaintiff's Complaint was filed on December 12, 2007. Plaintiff claims that while incarcerated at South Woods State Prison in Bridgeton, New Jersey, and Mid-State Correctional Facility in Wrightstown, New Jersey, his constitutional rights were violated by Defendants Hayman and Robinson, as well as Defendant Kathryn MacFarland. Specifically, Plaintiff contends that he suffered a fall and a consequent injury to his jaw in February 2006 which went untreated at both

1

facilities. Plaintiff bings his claim pursuant to 42 U.S.C. § 1983.

## II.     STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations, along with all reasonable inferences that may be drawn from them, as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle him to relief. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted). Nevertheless, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).

## III.    ANALYSIS

Defendants filed the instant motion to dismiss alleging Plaintiff's claims are barred by the Eleventh Amendment to the U.S. Constitution and because Defendants are not subject to suit under 42 U.S.C. § 1983. Further, Defendants argue Plaintiff's § 1983 claim may not be based on a theory of respondeat superior liability, so it must fail. In the alternative, Defendants argue that the Court should grant summary judgment in their favor because Defendants were not deliberately indifferent to Plaintiff's medical needs. Finally, Defendants contend that any claim for punitive damages against Defendants must be dismissed because Plaintiff has not shown that such relief is warranted. In support of their alternative motion for summary judgment, Defendants seek the sealed admission of Plaintiff's medical records for the Court's consideration. Plaintiff has not opposed either of the instant motions.

A.     **Defendants' Motion To Dismiss**

1.     **Eleventh Amendment Immunity**

Defendants seek to dismiss Plaintiff's § 1983 claim on the basis of Eleventh Amendment immunity.  The Court agrees that Plaintiff's claim is barred by the Eleventh Amendment.

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought.[1]  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Likewise, absent a waiver of immunity by the state, the Eleventh Amendment precludes federal suits for money damages against states and state officers sued in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  In this case, Plaintiff seeks money damages against state prison officials.  Because nothing in § 1983 abrogates a state's Eleventh Amendment immunity, that immunity bars Plaintiff's claims against Defendants Hayman and Robinson.  See Quern v. Jordan, 440 U.S. 332 (1979).

2.     **Section 1983 Suits Against State Officials**

Additionally, the State Defendants do not qualify as "persons" within the meaning of § 1983.  The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  A suit against a state official in his official capacity is a suit against his office,

---

[1] The Eleventh Amendment provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

and therefore amounts to a suit against the state itself.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  A state, nor its officials acting in their official capacities, are "persons" subject to suit under § 1983.  Id.  Plaintiff notes Defendants' official positions in his Complaint and describes his claims against Defendants as grounded in actions taken in their official capacities.  Defendants are state prison officials.  The Court finds that because it appears that Plaintiff has sued Defendants in their official capacities, Plaintiff may not bring a § 1983 claim against them.

**B.      Defendants' Motion To Seal**

Because the Defendants are immune under the Eleventh Amendment, and are not "persons" within the meaning of § 1983, the Court need not consider the additional grounds upon which Defendants' argue for the dismissal of Plaintiff's claims.  Additionally, the Court need not consider Defendants' arguments in support of summary judgment.   Defendants ground their alternative motion for summary judgment on medical records they seek to file under seal.  As the Court will grant Defendants' motion to dismiss on other grounds, and will not proceed to consider the alternative motion for summary judgment, it will deny Defendants' pending motion to seal, the underlying records being unnecessary for the Court's consideration of the instant motion.

**IV.     CONCLUSION**

For the reasons expressed herein, the Court will GRANT Defendants' motion to dismiss Plaintiff's claims as alleged against them, and DENY Defendant's motion to seal Plaintiff's medical records.  An accompanying Order shall issue today.

Dated:   8-24-09                                                      /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge